IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| JUAN ANTHONY REYES, JR., § | |
| Defendant-Petitioner, § | |
| § | NO. 5:07-CV-185-C |
| v. § | (5:05-CR-083-C) |
| § | ECF |
| UNITED STATES OF AMERICA, § | |
| Plaintiff-Respondent. | |

**RESPONSE IN OPPOSITION TO MOTION UNDER 28 U.S.C. § 2255**

The government opposes Juan Anthony Reyes, Jr.'s motion to vacate, set aside, and correct sentence under 28 U.S.C. § 2255. His sole claim is that he receive ineffective assistance of counsel. Reyes, however, fails to show deficient conduct or resulting prejudice.

**I. BACKGROUND**

On September 14, 2005, Reyes was charged in three counts of a four-count indictment. Count one charged him with conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846. Counts three and four charged Reyes with distribution of methamphetamine, and aiding and abetting, each in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. On January 19, 2006, Reyes pled guilty to count four. On April 7, 2006, he was sentenced to 235 months' imprisonment and a five-year term of supervised release. Counts one and three

**Response in Opposition to Motion Under § 2255 - Page 1**

of the indictment were dismissed. On July 27, 2006, his direct appeal was dismissed for failure to pay his docketing fee. Reyes' section 2255 motion was timely filed on August 27, 2007. This is his first post-conviction motion.

## II. REYES' CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL FAILS TO MEET THE *STRICKLAND* TEST.

Reyes asserts that 83.6 grams of methamphetamine was incorrectly attributed to him at sentencing. He claims that counsel was ineffective because he failed to contact two witnesses who would have testified that they believed that Reyes had no knowledge of that transaction. He, however, fails to show deficient conduct or resulting prejudice.

To prove a claim of ineffectiveness, Reyes must show that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Failure to meet either the deficient performance prong or the prejudice prong will defeat a claim for ineffective assistance of counsel. A court need not address both components if the movant makes an insufficient showing on one. *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). This same test applies whether the petitioner pled guilty or not guilty. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To prevail on the deficiency component of this test, Reyes must identify the acts or omissions that were not the result of reasonable professional judgment. *Strickland*, 466 U.S. at 690. In the context of a guilty plea, to prove the prejudice portion of the test, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474

U.S. at 59. To prove the prejudice prong of his alleged sentencing errors, Reyes must show that there was a reasonable probability that, but for counsel's action, he would have received a lower sentence. *United States v. Grammas*, 376 F.3d 433 (5th Cir. 2004).

Reyes' plea agreement states that he is responsible for 83.6 grams of methamphetamine which was distributed and possessed with intent to distribute by Reyes on or about July 7, 2005. (Plea Agreement ¶ 4.) Also, the factual resume states in part:

> During the time periods set forth in this indictment, Sgt. Tony Menchaca was working in an undercover capacity. On or about July 7, 2005, Sgt. Menchaca met with [Reyes' codefendant] in Plainview, Texas and purchased 83 grams of Methamphetamine from him. Reyes brought [his codefendant] and the Methamphetamine to the meeting with Sgt. Menchaca. Although Reyes was not with [his codefendant] at the time he handed the Methamphetamine to Sgt. Menchaca, he knew that [his codefendant] was possessing and distributing Methamphetamine and knew that was the purpose of their trip to Plainview.

(Factual Resume, pp. 9-10.) At rearraignment, Reyes testified that he had read the plea agreement and understood and agreed with its terms and conditions. (Rearraignment Tr., p. 3.) Likewise, he testified that the facts contained in the factual resume were accurate. (Rearraignment Tr., p. 6.) Solemn declarations in open court carry a strong presumption of verity. *United States v. Palmer*, 456 F.3d 484, 491 (5th Cir. 2006). Indeed, Reyes states in his motion that he agreed to be held responsible for relevant conduct including the drug transaction that was completed on July 7, 2005. Further, counsel stated in his affidavit that Reyes admitted that he took his co-defendant to Plainview on July 7, 2005, and dropped him off to meet with a drug customer. (Appendix, p. 1.) Reyes fails to show

how counsel's conduct was deficient for failing to call witnesses to contradict information Reyes admitted.  Moreover, complaints of uncalled witnesses are not favored on collateral review because allegations of what the witnesses would have testified to are largely speculative.  *Evans v. Cockerel*, 285 F.3d 370, 377 (5th Cir. 2002).  This claim should be denied.

## CONCLUSION

The record conclusively shows that Reyes is not entitled to relief.  It is respectfully requested that the motion filed under 28 U.S.C. § 2255 be denied.

Respectfully submitted,

RICHARD B. ROPER
UNITED STATES ATTORNEY


 /s/ Angie L. Henson
ANGIE L. HENSON
Assistant United States Attorney
Burnett Plaza, Suite 1700
801 Cherry Street, Unit 4
Fort Worth, Texas  76102-6897
Texas Bar No. 09492900
Telephone:  817.252.5200
Fax: 817.252.5514
Angie.Henson@usdoj.gov

CERTIFICATE OF SERVICE

  I hereby certify that on October 29, 2007, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I also certify that a copy of this document was served on: David H. Martinez, Law Office of David H. Martinez, 1663 Broadway, Lubbock, Texas 79401 by first class mail.

              /s/ Angie L. Henson
              Angie L. Henson
              Assistant U.S. Attorney

**Response in Opposition to Motion Under § 2255 - Page 5**